Eastern Dis.
*August*, 1832.

MICHEL
*vs*
BONECAZE.

## MICHEL *vs.* BONECAZE.

APPEAL FROM THE COURT OF PROBATES FOR EAST BATON ROUGE.

Where the original petition does not specify the sum claimed, and the record affords no evidence of that fact, except the petition of appeal, the appeal will be dismissed.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

Where the original petition does not specify the sum claimed, and the record affords no evidence of that fact, except the petition of appeal, the appeal will be dismissed.

The case is before the court on a motion to dismiss the appeal. The dismissal is claimed in consequence of the matter in dispute, not amounting to three hundred dollars. The original petition does not specify the sum claimed, and the record affords no evidence of this fact, except the petition of appeal. We are of opinion that the allegation in this petition, unsupported by any evidence, does not suffice to shew the value of the matter in dispute, although such an allegation in an original petition has that effect, as being the commencement and foundation of a contest between parties litigant.

It is, therefore, ordered, adjudged, and decreed, that this appeal be dismissed at the appellant's costs.

---

## SMITH *vs.* LEAKE.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF WEST FELICIANA

Where the record is imperfect, the appeal will be remanded at the cost of the appellant.

The facts are stated in the opinion of the court, delivered by PORTER, J.

One of the points made by the appellant is, that the evidence is so imperfect, irregular, and incorrect, that it is impossible the court can do justice between the parties as it now stands.

The appellee has also filed as a point in the cause, that the record has been brought up in so defective a condition, that the court cannot investigate the merits with any hope of doing justice between the parties; but, he contends, the cost of remanding should be borne by the appellant, as it was her fault the record was not made out correctly.

The usual practice is to make the appellee pay costs on the reversal of a judgment; but where the remanding is owing to the manner the cause is brought before us, we think a case is presented which should be an exception to the general rule. The appeal was taken for the benefit of the appellant, and it was her duty to have placed the record before us in such a shape that the merits could be investigated.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be annulled and reversed, and that the cause be remanded for a new trial, the appellant paying the costs of appeal.

*Eastern Dis.*
*August, 1832.*

TUCKER
*vs.*
LILES.

Where the record is imperfect, the appeal will be remanded at the cost of the appellant.

---

## TUCKER *vs.* LILES.

APPEAL FROM THE THIRD JUDICIAL DISTRICT.

4 L 298
48  391

Whether amendments after issue joined, shall be permitted, depends on the exercise of the sound and legal discretion of the court, but from the exercise of that discretion an appeal may be taken.

It is a general principle, which may be safely resorted to, that amendments should be permitted when they tend to the furtherance of justice.